


UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-116-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORANDUM OF PLEA AGREEMENT |
| ) | |
| JAMES O. McLAMB, JR. ) | |

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, Joseph Cheshire V, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To plead guilty to the Criminal Information to be filed herein charging conspiracy.

   b. To make restitution to any victim including any victim with respect to a Count dismissed as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A.

-1-

SCANNED

       Said restitution shall be due and payable immediately.

  c.   To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

  d.   To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to

-2-

Case 5:08-cr-00116-FL    Document 8    Filed 06/02/2008    Page 2 of 10

the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Indictment. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations.

f. To pay a special assessment of $100.00, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant at sentencing. The Defendant or Defendant's counsel shall provide a check in payment of the said

assessment directly to the Clerk, U.S. District Court/EDNC.

g.  To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

h.  To abide by any conditions of release pending sentencing and report timely for service of sentence.

i.  Whenever called upon to do so by the United States, (1) to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Indictment, and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant is allowed to withdraw the guilty plea.

j.  If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the

-4-

Defendant, and the Defendant shall be subject to prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

k. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible <u>only</u> at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The United States may rely on these results in determining whether the Defendant has fulfilled any obligation under this Agreement.

3. The Defendant understands, agrees, and admits:

a. That as to the Information, to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

(1) Conspiracy (*Klein* - Tax Conspiracy)

(2) Code section violated: 18 U.S.C. § 371.

(3) Elements:

<pre>
          First:    On or about January, 2005 to
                    January, 2008, the defendant,

          Second:   did conspire and agree with
                    others,

          Third:    to defraud the United States and
                    an agency thereof, to wit the IRS
                    of the U.S. Department of
                    Treasury,

          Fourth:   by impeding, impairing,
                    obstructing and defeating the
                    lawful functions of the IRS in
                    the ascertainment, evaluation,
                    computation, assessment, and
                    collection of income taxes.
</pre>

(4) Maximum term of imprisonment: 5 years.

(5) Minimum term of imprisonment: N/A years.

(6) Maximum term of supervised release: 3 years.

(7) Maximum term of imprisonment upon revocation of supervised release: 2 years.

(8) Maximum fine: $250,000.

(9) Restitution pursuant to 18 U.S.C. §§ 3663.

(10) Special assessment: $ 100.

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a

-6-

promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

  d. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The United States agrees:

  a. That it reserves the right to make a sentence recommendation.

  b. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions or objections filed by the Defendant.

  c. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Indictment, however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

d.  That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the United States is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35.

e.  Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

f.  That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

g.  That the USA-EDNC agrees not to directly use information provided by the defendant pursuant to this plea agreement to prosecute the defendant

for additional criminal offenses, except for crimes of violence, but the USA-EDNC may make derivative use of such information and pursue any investigative leads suggested by such information.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

   a. A downward adjustment for acceptance of responsibility is warranted under U.S.S.G. §3E1.1.

This the 22ⁿᵈ day of January, 2008.

GEORGE E. B. HOLDING  
United States Attorney

*[signature: James O. McLamb, Jr.]*  
JAMES O. McLAMB, JR.  
Defendant

*[signature: J. Gaston B. Williams]*  
BY: J. Gaston B. Williams  
Assistant United States Attorney  
Criminal Division

*[signature: Joseph B. Cheshire V]*  
Joseph B. Cheshire V  
Attorney for the Defendant

Approved this 2ⁿᵈ day of June, 2008.

*[signature: David W. Daniel]*  
David W. Daniel

United States ~~District~~ Judge  
magistrate

N:\GWilliams1\Williams\ACTIVE CASES\Castleton Group\McLamb pa 2008 01 18.wpd

-10-

Case 5:08-cr-00116-FL    Document 8    Filed 06/02/2008    Page 10 of 10